IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACACIA CORPORATE MANAGEMENT, LLC, MICHAEL IOANE,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES, et al.,<br><br>Defendants. | 1: 07 - CV - 01129 AWI GSA<br><br>ORDER DENYING MOTION FOR JUDGMENT AS MOOT AND MOTION TO CONTINUE AS MOOT<br><br>(Documents #21, #22, & #32) |

On October 9, 2007, Plaintiffs[1] filed a motion for judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure against several Defendants, and several Defendants have filed oppositions to this motion. On October 12, 2007, Plaintiffs filed an amended complaint. On October 19, 2007, Defendant United States requested additional time in which to oppose Plaintiffs' motion for judgment.

The complaint on which Plaintiffs seek partial judgment is no longer the operative pleading in this action. An amended complaint supercedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.

---

[1] The court notes that one named Plaintiff appears to be a corporation. It appears this corporation is not represented by an attorney, and it is either being represented by another Plaintiff in this action who is appearing in propria persona or representing itself through its director. "A litigant appearing in propria persona has no authority to represent anyone other than himself [or herself]." Russell v. United States, 308 F.2d 78, 79 (9th Cir.1962). Non-attorney litigants may not represent others. Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir.1997); Church of the New Testament v. United States, 783 F.2d 771, 774 (9th Cir. 1986). An individual cannot represent a corporation, and a corporation cannot represent itself as a pro se plaintiff. Local Rule 83-183(a); see also Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993). Thus, Acacia Corporate Management, LLC must obtain an attorney forthwith.

1987).   An amended complaint must be "complete in itself without reference to the prior or superceded pleading."   Local Rule 15-220.   Once a plaintiff files an amended complaint, the original pleading no longer serves any function in the case.   Because Plaintiffs' motion for partial judgment seeks judgment on a complaint that is no longer the operative pleading in this file, Plaintiffs' motion has become moot.

      Accordingly, the court ORDERS that:

1. Plaintiffs' motion for partial judgment is DENIED as moot; and
2. Defendant United States' motion for addition time to oppose the motion is DENIED as moot.

IT IS SO ORDERED.

**Dated:   October 29, 2007**         /s/ Anthony W. Ishii
                                            UNITED STATES DISTRICT JUDGE