IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACACIA CORPORATE MANAGEMENT, LLC, MICHAEL IOANE,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES, et al.,<br><br>　　　　Defendants. | CIV F-07-1129 AWI GSA<br><br>ORDER RE: MOTIONS FOR JUDGMENT ON THE PLEADINGS , TO STRIKE, AND FOR PARTIAL FINAL JUDGMENT UNDER FED. R. CIV. PROC. 54(b)<br><br>(Docs. 37, 39, and 40) |

**I. History**[1]

Defendants Steven and Louise Booth (the "Booths") owe Defendant United States over $2 million dollars in tax deficiencies and penalties dating from activity in 1995-97. The Booths owned three parcels of property (the "Properties") in Bakersfield, CA. On December 5, 2005, the Booths transferred ownership of the Properties to Plaintiffs Acacia Corporate Management and Michael Scott Ioane. Defendants Bakersfield Properties and Trust Company, Alpha Omega Trust, and Aligned Enterprises Trust ("Lienholders") have lien and/or mortgage interests in the Properties. On December 22, 2005, the United States put a tax lien on the Properties on the basis that Plaintiffs and Lienholders are nominees/alter egos of the Booths.

On August 3, 2007, Plaintiffs filed suit against the United States, the Booths, and the Lienholders to quiet title to the Properties and seeking monetary, declaratory, and injunctive relief against the United States. On September 19, 2007, the Plaintiffs, the Booths, and the

---

[1] The factual history is provided for background only and does not form the basis of the court's decision; the assertions contained therein are not necessarily taken as adjudged to be true. The legally relevant facts relied upon by the court are discussed within the analysis.

Lienholders filed a settlement agreement with the court whereby the Booths acknowledged that Plaintiffs owned the Properties; Plaintiffs acknowledged the Lienholders' liens on the Properties; and all three acknowledged that transfer of the Properties on December 5, 2005 was not "disturbed, encumbered, impaired, or otherwise interfered with" by the United States' tax lien. See Doc. 10.  Plaintiffs filed a first amended complaint on October 12, 2007. Doc. 28.  The United States filed an anwser on October 25, 2007. Doc. 33.

The matter is currently before the court on three separate motions.  Plaintiffs have made a motion for partial final judgment under Fed. R. Civ. Proc. 54(b) against the Booths and the Lienholders based on the settlement agreement. Doc. 37.  The Booths and the Lienholders have filed notices of non-opposition. Docs. 41, 42, 43, and 44.  The United States opposes partial final judgment and terminating the Booths and Lienholders from this case. Doc. 45.  The United States has made a motion to dismiss the operative complaint for lack of jurisdiction and for failure to state a claim for which relief may be granted. Doc. 39.  As the United States has already filed an answer, it must be construed as a motion for judgment on the pleadings.  Plaintiffs oppose the United States' motion. Doc. 49.  Plaintiffs have also filed a motion to strike the United States' affirmative defenses. Doc. 40.  The United States opposes the motion. Doc. 57.  The three motions were all taken under submission without oral argument. Doc. 63.

## II. Legal Standards

**A. Motion for Judgment on the Pleadings**

A Fed. R. Civ. Proc. 12(c) motion challenges the legal sufficiency of the opposing party's pleadings after the pleadings are closed.  Judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. Honey v. Distelrath, 195 F.3d 531 (9th Cir. 1999), citing Nelson v. City of Irvine, 143 F.3d 1196, 1200 (9th Cir. 1998).  The court must assume the truthfulness of the material facts alleged in the complaint.  All inferences reasonably drawn from these facts must be

construed in favor of the responding party. Westlands Water Dist. v. Firebaugh Canal, 10 F.3d 667 (9th Cir. 1993), citing NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir.1986).

**B. Motion to Strike Affirmative Defense**

Motions to strike material from an answer are for the purpose of eliminating "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). When dealing with an insufficient defense, courts are "slow to grant motions to dismiss affirmative defenses. A defendant should be given the opportunity to prove his allegations if there is any possibility that the defense might succeed after full hearing on the merits." Purex Corp. v. General Foods Corp., 318 F. Supp. 322, 323 (C.D. Cal. 1970). "The presence of a substantial or seriously disputed question of law will preclude a district court from granting a motion to strike." Mohegan Tribe v. Connecticut, 528 F. Supp. 1359, 1362 (D. Conn. 1982). Nevertheless, a motion to strike "is appropriately granted where the defense is clearly legally insufficient, as, for example, when there is clearly no bona fide issue of fact or law." United States v. 729.773 Acres of Land, 531 F. Supp. 967, 971 (D. Haw. 1982), citations omitted. A motion to strike under Rule 12(f) is committed to the discretion of the court. See Federal Sav. & Loan Ins. Corp. v. Gemini Management, 921 F.2d 241, 244 (9th Cir. 1990).

**C. Fed. R. Civ. Proc. 54 (b)**

Normally, a final judgment is not entered in an action until all claims have been resolved. However, Fed. R. Civ. Proc. 54(b) allows for the entry of final judgment with respect to less than all parties or claims in an action if the court makes "an express determination that there is no just reason for delay" and expressly directs "entry of judgment." In making a determination under Rule 54(b), the court must first determine that it is dealing with a final judgment, which means a decision that is "an ultimate disposition of an individual claim entered in the course of a multiple claims action" and second, determine whether there is any just reason for delay. Curtiss-Wright

3

Corp. v. General Elec. Co., 446 U.S. 1, 7 (1980). A Rule 54(b) certification is proper if it will aid "expeditious decision" of the case, but the court must remember the policy of preventing piecemeal appeals in cases that should be reviewed on appeal as a single unit. Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 797-98 (9th Cir. 1991).

### III. Discussion

**A. Motion on the Pleadings**

Courts have no subject matter jurisdiction over the United States as a defendant unless an applicable statute specifically waives sovereign immunity. United States v. Testan, 424 U.S. 392, 399 (1976). The United States argues "Plaintiffs' claims for relief are barred by sovereign immunity." Doc. 39, Part 2, United States's Brief to Dismiss, at 3:19. More specifically, the United States asserts that all claims except the "limited challenge to the procedural validity of the liens on the subject property" under 28 U.S.C. §2410 must be dismissed. Doc. 39, Part 2, United States's Brief to Dismiss, at 8:13-14.

The United States also argues that Plaintiff Acacia Corporate Management, LLC's claims must be dismissed as a corporate entity can not appear in court without an attorney. In response, attorney William McPike has filed a notice of appearance for Acacia. Doc. 46. That issue is now moot.

**1. Count One**

Title 28 U.S.C. §2410 states, "the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter- (1) to quiet title to, (2) to foreclose a mortgage or other lien upon, (3) to partition, (4) to condemn, or (5) of interpleader or in the nature of interpleader with respect to, real or personal property on which the United States has or claims a mortgage or other lien." Plaintiffs allege the United States failed to follow 26 U.S.C. §§ 6212, 6213, 6320, 6330, 6203, 6671, 6501(a), and 6303(a) in

4

assessing and collecting tax deficiencies and penalties against them. Doc. 28, Amended Complaint, at 7:18-26.  Plaintiffs do not assert that these tax statutes themselves provide for suit against the United States in district court but rather that the procedural deficiencies in the process can be challenged under Section 2410.  Plaintiffs specifically allege that their own procedural rights under these statutes have been violated; they do not allege that the Booths' procedural rights have been violated.  Plaintiffs seek no monetary damages under this first count, but only to quiet title as to the Subject Property.

However, in briefing, Plaintiffs admit that "Plaintiffs are asserting unlawful and illegal collection activity in the government's attempt to collect someone else's tax liability from a third party, based upon an improper lien placed upon plaintiffs' property. Even the government admits they are attempting to collect someone else's tax liability, and not that of the plaintiffs." Doc. 49, Plaintiffs' Opposition, at 7:3-6.  That is, Plaintiffs admit the United States has not tried to assess and collect tax deficiencies and penalties on them.  Therefore, the various tax procedure statutes cited to do not apply as there has been no relevant tax assessment and collection on Plaintiffs.  As formulated by the Plaintiffs, their claim under 28 U.S.C. §2410 to quite title is limited to issues of ownership over the property, and whether Plaintiffs are alter egos or fraudulent transferees of the Booths.

**2. Counts Two and Three**

Plaintiffs seek monetary damages in these counts under 26 U.S.C. §§7432 and 7433. These statutes allow a "taxpayer" to sue for civil damages if officers or employees of the IRS employ improper means to collect taxes.  Plaintiffs cite to U.S. Supreme Court precedent for the definition of "taxpayer":

> Section 7701(a)(14), defining 'taxpayer,' informs us that 'when used in [the Internal Revenue Code], where not otherwise distinctly expressed or manifestly incompatible with the intent thereof, . . . the term "taxpayer" means any person subject to any internal revenue tax.' That definition does not exclude Williams. The Government reads the definition as if it said 'any person who is assessed any internal revenue tax,' but these are not Congress' words. The general phrase 'subject to' is broader than the specific phrase

5

'assessed' and, in the tax collection context before us, we think it is broad enough to include Williams. In placing a lien on her home and then accepting her tax payment under protest, the Government surely subjected Williams to a tax, even though she was not the assessed party.

United States v. Williams, 514 U.S. 527, 535 (1995). However, more recent case law has limited standing to sue for these specific statutes to those parties on whom the United States is assessing taxes in that instance. That party in this case is the Booths, not Plaintiffs by their own admission. "This court has expressly held that '§7433(a) requires that [the plaintiff] be 'such taxpayer' from whom the IRS collected the tax; that is, the direct taxpayer, not a third party.'" Allied/Royal Parking L.P. v. United States, 166 F.3d 1000, 1003 (9th Cir. 1999), citing Ferrel v. Brown, 847 F. Supp. 1524, 1528 (W.D. Wash. 1993), aff'd, 40 F.3d 1049 (9th Cir. 1994) (per curiam) (adopting district court opinion). This court has previously applied the Allied/Ferrel rationale to Section 7432. Soghomonian v. United States, 82 F. Supp. 2d 1134, 11420-43 (E.D. Cal. 1999) (distinguishing Williams). Plaintiffs lack standing for these claims.

**3. Count Four and Injunctive Relief**

Plaintiffs seek declaratory and injunctive relief to prevent the United States from further efforts to collect the assessment from the Subject Property. The Anti-Injunction Act (26 U.S.C. §7421) states "Except as provided in sections...6212(a) and (c), 6213(a)....7426(a)...no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." Similarly, the Declaratory Judgment Act (28 U.S.C. §2201) states "except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." In reference to 26 U.S.C. §7421, Plaintiffs argue "For

the condition precedent to be met, there must be a lawful assessment, either a voluntary one by the taxpayer or one procedurally proper by the IRS, Bothke v. Flour, 713 F.2d 1405 (9th Cir. 1983)." Doc. 49, Plaintiffs' Opposition to Motion to Dismiss, at 4:7-9, emphasis in original. The Ninth Circuit's decision in Bothke does not quite stand for such a broad proposition; its language emphasizes that some of the exceptions contained within the statute itself concern procedural requirements:

> We recognize the government's interest in collecting taxes. Congress's taxing power is granted by the Constitution. The importance of tax collection is reflected in statutes which, for example, prohibit its injunction. See 26 U.S.C. § 7421(a). But the law reflects also a Congressional determination that the taxpayer should be afforded certain procedural rights, which the IRS is bound to respect. In balancing these interests, Congress has determined that violations of the procedural rights at issue here are exceptions to the Anti-Injunction Act. See 26 U.S.C. §§ 6213(a), (b)(2), 7421(a).

Bothke v. Fluor Engineers & Constructors, 713 F.2d 1405, 1413 (9th Cir. 1983), vacated on other grounds 468 U.S. 1201 (1984). In the complaint, Plaintiffs have raised 26 U.S.C. §§6212 and 6213 in the context of 28 U.S.C. §2410. Doc. 28, First Amended Complaint, at 7:3-7. As stated prior, that part of Plaintiffs' claim is dismissed. Furthermore, injunctive relief is not available under Section 2410 even though Section 6212 and 6213 are exceptions listed in 26 U.S.C. §7421. Suits under Section 2410 only attack the lien on property and not the underlying tax assessment itself. An injunction preventing the United States from collecting taxes by some other means is not within the ambit of 28 U.S.C. §2410. "We think it plain that the only type of relief needed here is a decree holding the tax lien a cloud on plaintiff's title and cancelling it. There is no need for any injunctive relief." United States v. Coson, 286 F.2d 453, 459 (9th Cir. 1961). Plaintiffs may not seek injunctive or declaratory relief.

**B. Motion to Strike**

Plaintiffs have made a motion to strike all of the United States's affirmative defenses on the basis that they "are nothing more than bare bones conclusory allegations. None of the defenses plead contain any factual information which would show that the defenses are supported

by any facts." Doc. 40, 's Motion to Strike, at 4:11-13.  Nevertheless, a motion to strike an affirmative defense "will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings." Williams v. Jader Fuel Co., 944 F.2d 1388, 1400 (7th Cir. 1991). In this case, the affirmative defenses are substantive and complex.  Further, some of them have been raised as part of the United States' motion to dismiss.  The court can not say that Plaintiffs would succeed based on any state of the facts inferable from the pleadings.  The merits of many of the defenses can not be determined without further development of facts.

**C. Motion for Judgment under Fed. R. Civ. Proc. 54(b)**

Plaintiffs seeks a final judgment between themselves, the Booths, and the Lienholders under Fed. R. Civ. Proc. 54(b); such a judgment would resolve all issues between these three groups but would not resolve the outstanding issues with the United States. Doc. 37, Motion for Judgment.  Plaintiffs rely on the stipulated settlement wherein the three groups stated that "at the time of each transfer of 'the property' reflected in Exhibit 'A' and 'B' that there existed no government liens against any of 'The Parties' or 'the property' which would have disturbed, encumbered, impaired, or otherwise interfered with the transfer of 'the property' as reflected in Exhibits 'A' and 'B'". Doc. 10, Stipulated Settlement, at 2:20-25.  The United States opposes the judgment "because it appears to be an attempt to enter a collusive judgment." Doc. 45, United States' Opposition, at 2:4-5.

The settlement agreement purports to determine rights to the Property as between the Plaintiffs, the Booths, and the Lienholders.  However, ownership of the Properties is completely intertwined with the dispute between Plaintiffs and the United States.  "Where the complaint is dismissed as to one defendant but not others, the court should not, as a general matter, direct the entry of a final judgment pursuant to Rule 54(b) if the same or closely related issues remain to be litigated against the undismissed defendants." Hogan v. Conrail, 961 F.2d 1021, 1025 (2nd Cir.

1992), citations omitted.  Further, there would be no benefit to any of the parties in granting partial final judgment.  "The purpose of Rule 54(b) in allowing the entry of judgment for or against a party in a multiparty case even though the party's claim overlaps the claims of other parties is to enable a party (and its adversaries) to determine at the earliest possible opportunity whether it is securely out of the litigation and therefore can stop worrying about and preparing for further proceedings in it." Continental Cas. Co. v. Anderson Excavating & Wrecking Co., 189 F.3d 512, 517-18 (7th Cir. 1999).  The Booths and the Lienholders can not be successfully extricated as they would still have to worry about the final outcome of the case.  Whether the United States prevails would also affect other actions to collect the alleged deficiencies and penalties against the Booths.  "A collusive judgment is open to attack whenever and wherever it may come in conflict with the rights or the interest of third persons. Fraud is not a thing that can stand, even when robed in judgment." Phillips v. State Farm Mut. Auto. Ins. Co., 437 F.2d 365, 369 (5th Cir. 1971), citation omitted.  No finality can be achieved at this time.  Partial final judgment is not warranted as there is just reason for delay.

### IV. Order

Defendant United States' motion for judgment on the pleadings is GRANTED in part and DENIED in part.  To the extent that count one of Plaintiffs' first amended complaint is based on paragraphs 18 through 21, it is dismissed without prejudice; the remaining cause of action in count one is understood to comprise of paragraph 22 which comprises a straightforward quiet title action.  Counts two, three, and four are dismissed without prejudice.  Plaintiffs do not have leave to amend their complaint at this time.

Plaintiffs' motion to strike Defendant United States' affirmative defenses is DENIED.

Plaintiffs' motion for judgement under Fed. R. Civ. Proc. 54(b) is DENIED.

IT IS SO ORDERED.

**Dated:     January 18, 2008**              /s/ Anthony W. Ishii
                                              UNITED STATES DISTRICT JUDGE