**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ACACIA CORPORATE MANAGEMENT, LLC, MICHAEL IOANE,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES, et al.,<br><br>　　　　Defendants. | CIV F-07-1129 AWI GSA<br><br>ORDER RE: REQUEST TO EXTEND STAY PENDING CRIMINAL INVESTIGATION |

**I. History**[1]

Steven and Louise Booth (the "Booths") owe Defendant United States over $2 million dollars in tax deficiencies and penalties dating from activity in 1995-97. The Booths owned (or controlled through other entities) three parcels of property (the "Properties") in Bakersfield, CA. On December 5, 2005, the Booths transferred ownership of the Properties to Plaintiffs Acacia Corporate Management and Michael Scott Ioane. Bakersfield Properties and Trust Company, Alpha Omega Trust, and Aligned Enterprises Trust ("Lienholders") have lien and/or mortgage interests in the Properties. On December 22, 2005, the United States put a tax lien on the Properties on the basis that Plaintiffs and Lienholders are nominees/alter egos of the Booths.

On August 3, 2007, Plaintiffs filed suit against the United States, the Booths, and the Lienholders to quiet title to the Properties and seeking monetary, declaratory, and injunctive

---

[1] The factual history is provided for background only; the assertions contained therein are not necessarily taken as adjudged to be true. The legally relevant facts relied upon by the court are discussed within the analysis.

relief against the United States.  Defendant United States filed an answer and filed a motion for judgment on the pleadings.  By order of January 22, 2008, the court granted the motion in part and denied the motion in part, limiting Plaintiffs' suit to one seeking to quiet title on the Properties pursuant to 28 U.S.C. §2410. Doc. 64.  On February 6, 2008, Plaintiffs voluntarily dismissed claims against the Booths and Lienholders under Fed. R. Civ. Proc. 41(a). Doc. 66.  The only remaining defendant in this case is the United States.

On March 31, 2008, Defendant made a motion stay this case for six months; the court granted a stay through November 6, 2008.  The six months have elapsed and Defendants request a six month extension of the stay. Doc. 94.  Plaintiffs oppose the request. Doc. 95

## II. Legal Standards

> While a district court may stay civil proceedings pending the outcome of parallel criminal proceedings, such action is not required by the Constitution....A court must decide whether to stay civil proceedings in the face of parallel criminal proceedings in light of the particular circumstances and competing interests involved in the case. Obviously a court should consider the extent to which the defendant's fifth amendment rights are implicated. Other factors a court should consider will vary according to the case itself, but generally will include: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

Federal Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902-3 (9th Cir. 1989).  In Molinaro, the private party (defendant) sought a stay in the civil suit brought by a governmental agency (plaintiff) for fear that the discovery process would force defendant to choose between his Fifth Amendment rights and his civil defense.  The case at hand presents the reverse position of a government seeking a stay to prevent privileged information in a criminal case from being exposed during discovery.  The Third Circuit has found the situations so different that it termed the case law of one "not relevant" to the other. De Vita v. Sills, 422 F.2d 1172, 1181 (3rd Cir. 1970).  Nevertheless, courts within the Ninth Circuit have applied the Molinaro factors when

considering a government's request for a stay. See <u>Belford Strategic Inv. Fund, LLC v. United States</u>, 2005 U.S. Dist. LEXIS 45219, *3-4 (N.D. Cal., Nov. 7, 2005) ("[<u>Molinaro</u>] holdings have little direct application in the present context, but the factors enumerated by the court are instructive"); <u>De Felice v. Chugach Maint. Servs.</u>, 2007 U.S. Dist. LEXIS 84696, *2-3 (E.D. Cal., Oct. 29, 2007); <u>Douglas v. United States</u>, 2006 U.S. Dist. LEXIS 52754, *9-11 (N.D. Cal., July 17, 2006); <u>Bureerong v. Uvawas</u>, 167 F.R.D. 83, 87 (C.D. Cal. 1996). Importantly, "[t]he case for staying civil proceedings is 'a far weaker one' when 'no indictment has been returned[, and] no Fifth Amendment privilege is threatened.'" <u>Federal Sav. & Loan Ins. Corp. v. Molinaro</u>, 889 F.2d 899, 903 (9th Cir. 1989), quoting <u>SEC v. Dresser Industries, Inc.</u>, 628 F.2d 1368, 1376 (D.C. Cir. 1980).

### III. Discussion

In the prior order, this court concluded that a stay was justified but noted:

> given the fact that there has been no indictment, the stay must be limited in duration and subject to reevaluation at the end of six months. As the Ninth Circuit has pointed out, the rationale for a stay is far weaker in the absence of an indictment. <u>Federal Sav. & Loan Ins. Corp. v. Molinaro</u>, 889 F.2d 899, 903 (9th Cir. 1989). Without it, Plaintiffs rightfully state that Defendant can not 'endlessly cloud title to the Plaintiffs' property.' Doc. 45, Plaintiffs' Opposition, at 3:8-9.

Doc, 81, May 6, 2008 Order, at 8:23-9:2. Defendants state "no indictment has yet issued, and requests that the stay be extended for an additional six months." Doc. 94, Defendants' Request, at 1:22-24. Plaintiffs argue that "no tax crime investigation or otherwise is pending regarding MICHAEL SCOTT IOANE...since 2005, the IRS has claimed that MICHAEL SCOTT IOANE is not under a criminal investigation." Doc. 95, Ioane Declaration, at 2:13-16. This assertion is not supported by the evidence Plaintiffs provide. In fact, the referenced internal IRS memorandum discussing Michael and Shelly Ioane states that the "investigation is for a non-tax crime." Doc. 95, Ex. F., August 8, 2008 Notes. These documents indicate that Plaintiffs may be under investigation for a crime, just not a violation of the tax code. Plaintiffs point out that "since the

stay was originally placed against the plaintiff's property, in May of 2008, the property value has decreased over 20%." Doc. 95, Ioane Declaration at 4:16-17.

Overall, the situation has not changed since Defendants made their motion for stay in April 2008.  The same factors that warranted grant of the stay still apply.  However, the lack of any indictment after all this time is disturbing.  Defendants are warned that without a change in circumstances, this six month extension of the stay is likely to be the last one granted by this court.

### IV. Order

Defendant United States' request for an extension of the stay is GRANTED.  The status conference set for November 17, 2008 is VACATED.  This case is stayed through May 18, 2009.  Not later than fourteen (14) days before the stay expires, Defendant United States is directed to file a written status report regarding related criminal matters.  A new status conference is set in this case for June 1, 2009 at 1:30 PM.

IT IS SO ORDERED.

**Dated:   November 13, 2008**             /s/ Anthony W. Ishii
                                          CHIEF UNITED STATES DISTRICT JUDGE