IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACACIA CORPORATE MANAGEMENT, LLC, MICHAEL IOANE,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES, et al.,<br><br>Defendants. | CIV F-07-1129 AWI GSA<br><br>ORDER GRANTING EXTENSION OF STAY AND VACATING HEARING OF JUNE 1, 2009 |

# I. History[1]

Steven and Louise Booth (the "Booths") owe Defendant United States over $2 million dollars in tax deficiencies and penalties dating from activity in 1995-97. The Booths owned (or controlled through other entities) three parcels of property (the "Properties") in Bakersfield, CA. On December 5, 2005, the Booths transferred ownership of the Properties to Plaintiffs Acacia Corporate Management and Michael Scott Ioane. Bakersfield Properties and Trust Company, Alpha Omega Trust, and Aligned Enterprises Trust ("Lienholders") have lien and/or mortgage interests in the Properties. On December 22, 2005, the United States put a tax lien on the Properties on the basis that Plaintiffs and Lienholders are nominees/alter egos of the Booths.

On August 3, 2007, Plaintiffs filed suit against the United States, the Booths, and the Lienholders to quiet title to the Properties and seeking monetary, declaratory, and injunctive

---

[1] The factual history is provided for background only and does not form the basis of the court's decision; the assertions contained therein are not necessarily taken as adjudged to be true. The legally relevant facts relied upon by the court are discussed within the analysis.

relief against the United States. Defendant United States filed an answer and filed a motion for judgment on the pleadings. By order of January 22, 2008, the court granted the motion in part and denied the motion in part, limiting Plaintiffs' suit to one seeking to quiet title on the Properties pursuant to 28 U.S.C. §2410. Doc. 64. On February 6, 2008, Plaintiffs voluntarily dismissed claims against the Booths and Lienholders under Fed. R. Civ. Proc. 41(a). Doc. 66. The only remaining defendant in this case is the United States.

On March 31, 2008, Defendant made a motion stay this case for six months; the court granted a stay through November 6, 2008. At the end of that period, Defendant requested a six month extension which Plaintiffs opposed. The court granted that extension with the warning that "the lack of any indictment after all this time is disturbing. Defendants are warned that without a change in circumstances, this six month extension of the stay is likely to be the last one granted by this court." Doc. 101, November 14, 2008 Order, at 4:4-7. On April 9, 2009, Plaintiff Michael Ioane and the Booths were indicted for conspiracy to evade taxes by (among other methods) undertaking "frivolous deed transfers of their property for little or no consideration in an effort to keep the property out of the reach of the Internal Revenue Service." Crim. Case No. 09-0142 LJO, Doc. 1, Indictment, at 3:17-19. Defendant United States now asks for an extension of the stay based on the active criminal prosecution. Plaintiffs oppose any extension.

## II. Legal Standards

While a district court may stay civil proceedings pending the outcome of parallel criminal proceedings, such action is not required by the Constitution....A court must decide whether to stay civil proceedings in the face of parallel criminal proceedings in light of the particular circumstances and competing interests involved in the case. Obviously a court should consider the extent to which the defendant's fifth amendment rights are implicated. Other factors a court should consider will vary according to the case itself, but generally will include: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

Federal Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902-3 (9th Cir. 1989). In Molinaro, the private party (defendant) sought a stay in the civil suit brought by a governmental agency (plaintiff) for fear that the discovery process would force defendant to choose between his Fifth Amendment rights and his civil defense. The case at hand presents the reverse position of a government seeking a stay to prevent privileged information in a criminal case from being exposed during discovery. The Third Circuit has found the situations so different that it termed the case law of one "not relevant" to the other. De Vita v. Sills, 422 F.2d 1172, 1181 (3rd Cir. 1970). Nevertheless, courts within the Ninth Circuit have applied the Molinaro factors when considering a government's request for a stay. See Belford Strategic Inv. Fund, LLC v. United States, 2005 U.S. Dist. LEXIS 45219, *3-4 (N.D. Cal., Nov. 7, 2005) ("[Molinaro] holdings have little direct application in the present context, but the factors enumerated by the court are instructive"); De Felice v. Chugach Maint. Servs., 2007 U.S. Dist. LEXIS 84696, *2-3 (E.D. Cal., Oct. 29, 2007); Douglas v. United States, 2006 U.S. Dist. LEXIS 52754, *9-11 (N.D. Cal., July 17, 2006); Bureerong v. Uvawas, 167 F.R.D. 83, 87 (C.D. Cal. 1996). Importantly, "[t]he case for staying civil proceedings is 'a far weaker one' when 'no indictment has been returned[, and] no Fifth Amendment privilege is threatened.'" Federal Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 903 (9th Cir. 1989), quoting SEC v. Dresser Industries, Inc., 628 F.2d 1368, 1376 (D.C. Cir. 1980).

### III. Discussion

In a previous Order limiting the scope of the suit, the court clarified that the "claim under 28 U.S.C. §2410 to quiet title is limited to issues of ownership over the property, and whether Plaintiffs are alter egos or fraudulent transferees of the Booths. Doc. 64, December 12, 2007 Order, at 5:15-17. Given the terms of the indictment, there is substantial, almost complete, overlap in the subject matter of the criminal case and this suit.

In two related civil cases, Halliday v. Spjute (Civ. Case No. 07-0620 AWI GSA) and

Booth v. Spjute (Civ. Case No. 07-0609 AWI GSA), Magistrate Judge Austin has recently granted extensions of stays based on the criminal indictment. Specifically, he cited the U.S. Supreme Court, which stated:

> A criminal defendant is entitled to rather limited discovery, with no general right to obtain the statements of the Government's witnesses before they have testified. In a civil case, by contrast, a party is entitled as a general matter to discovery of any information sought if it appears reasonably calculated to lead to the discovery of admissible evidence. The Government contends Degen might use the rules of civil discovery in the forfeiture suit to gain an improper advantage in the criminal matter, prying into the prosecution's case in a manner not otherwise permitted.
>
> These problems are not uncommon when criminal and civil forfeiture suits are pending at the same time....the risk of compromising the criminal case could be avoided by staying the civil suit until the prosecution is over.

Degen v. United States, 517 U.S. 820, 825-26 (1996). This court is convinced that allowing the civil case and criminal case to run concurrently would be an inefficient use of judicial resources, against the interest of third parties (especially the Booths who are also under indictment with Plaintiff Ioane), and against the public interest.

### IV. Order

Defendant United States' motion for stay is GRANTED. This case is stayed until the resolution of the criminal case. Defendant United States is directed to file a written status report every six months to apprise the court of the proceedings in the criminal case. The status conference set for June 1, 2009 is VACATED.

IT IS SO ORDERED.

Dated:   **May 28, 2009**              /s/ **Anthony W. Ishii**
                                    CHIEF UNITED STATES DISTRICT JUDGE