**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ACACIA CORPORATE MANAGEMENT, LLC, MICHAEL IOANE,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES, et al.,<br><br>Defendants. | CIV F-07-1129 AWI GSA<br><br>ORDER RE: MOTION TO HOLD THE UNITED STATES OF AMERICA IN CONTEMPT |

**I. History**[1]

Steven and Louise Booth (the "Booths") owe Defendant United States over $2 million dollars in tax deficiencies and penalties dating from activity in 1995-97. The Booths owned (or controlled through other entities) three parcels of property (the "Properties") in Bakersfield, CA. On December 5, 2005, the Booths transferred ownership of the Properties to Plaintiffs Acacia Corporate Management and Michael Scott Ioane. Bakersfield Properties and Trust Company, Alpha Omega Trust, and Aligned Enterprises Trust ("Lienholders") have lien and/or mortgage interests in the Properties. On December 22, 2005, the United States put a tax lien on the Properties on the basis that Plaintiffs and Lienholders are nominees/alter egos of the Booths.

On August 3, 2007, Plaintiffs filed suit against the United States, the Booths, and the Lienholders to quiet title to the Properties and seeking monetary, declaratory, and injunctive

---

[1] The factual history is provided for background only and does not form the basis of the court's decision; the assertions contained therein are not necessarily taken as adjudged to be true. The legally relevant facts relied upon by the court are discussed within the analysis.

relief against the United States. On September 25, 2007, the court signed a settlement agreement between Plaintiffs, the Booths, and the Lienholders, quieting title to the Properties in favor of Plaintiffs among those parties. Doc. 10. Defendant United States filed an answer and filed a motion for judgment on the pleadings. By order of January 22, 2008, the court granted the motion in part and denied the motion in part, limiting Plaintiffs' suit to one seeking to quiet title on the Properties pursuant to 28 U.S.C. §2410. Doc. 64. On February 6, 2008, Plaintiffs voluntarily dismissed claims against the Booths and Lienholders under Fed. R. Civ. Proc. 41(a). Doc. 66. The only remaining defendant in this case is the United States.

Starting on May 7, 2008, the court stayed the case at the request of the United States. Docs. 81, 101, and 109. The stays were justified based on impending and then actual criminal indictments against Plaintiff Michael Ioane and Defendant Booths, the substance of which are related to this civil case. In June 2010, the Internal Revenue Service filed a Notice of Federal Tax Lien on the Properties against Plaintiff Acacia Corporate Management. Doc. 114, Ex. 1. Plaintiffs have now moved to hold the United States in contempt for violating the terms of the September 25, 2007 Order. Doc. 113. The United States has filed an opposition. Doc. 115. Plaintiffs have filed a reply. Doc. 116. The matter was taken under submission without oral argument.

**II. Analysis**

Plaintiffs seek "an order holding the United States of America, (United States) in contempt of court and for damages arising from your frivolous June 29, 2010 nominee notice of federal tax lien filed by the Internal Revenue Service, by and through, ACS Agent Michael H. Hoos which violates the court's previously filed September 25, [2007] quiet title judgment." Doc. 113, Notice of Motion, at 2:4-10. The September 25, 2007 order is only a settlement agreement resolving the disputes amongst the signatory parties. The United States is not a signatory to the agreement and is not bound by it. In the past, Plaintiffs made a motion for partial

1  judgment under Fed. R. Civ. Proc. 54(b). Doc. 37.  Plaintiffs explained that  "The plaintiffs and
2  above named defendants have entered into a stipulated settlement and agreement settling all
3  claims and causes of actions between them....upon granting of the motion there will be no
4  piecemeal litigation or appeals as the claims between the above entitled parties, excepting the
5  United States, have been fully resolved and adjudicated to finality." Doc. 38, Brief, at 5-7.  That
6  is, Plaintiffs recognized the fact that the September 25, 2007 order did not resolve the United
7  States's claims to the Properties.  The court in denying Plaintiffs' motion, noted that "the
8  settlement agreement purports to determine rights to the Propert[ies] as between the Plaintiffs,
9  the Booths, and the Lienholders. However ownership of the Properties is completely intertwined
10 with the dispute between Plaintiffs and the United States." Doc. 64, January 22, 2008 Order, at
11 8:21-23.  The United States argues it

> was not a party to the stipulation between Plaintiffs and the collaborating Defendants, and thus is not bound by the stipulated order. In fact, the stipulated order itself explicitly states that it binds only '[t]he Parties' signatory to' the stipulated order, which does not include the United States. To the extent that the stipulated order injects language regarding the Court's determination of the accuracy of the stipulated facts, such language should be construed to apply and bind only those parties to the stipulation and not the United States. The stipulation of Plaintiffs and certain Defendants in no way represents a judgment quieting tile to the property subject to this action.

17 Doc. 115, Opposition, at 4:6-14.  The court finds this to be an accurate statement of the facts and
18 law in this case.  Plaintiffs wrongly assert that "defendant United States has acquiesced to the
19 same judgment as of September 25, 2007." Doc. 114, Brief, at 2:11-12.  The United States has
20 not violated the terms of the September 25, 2007 order.
21       Plaintiffs raise a separate argument for the first time in the reply.  Plaintiffs recharacterize
22 their motion as "whether Mr. Hoos acted in good faith, and whether the United States as well as
23 Mr. Hoos acted in violation of this court's judgment entered September 25, 2007 *and in violation*
24 *of this court's order staying the civil proceedings* pending an apparent bogus and fraudulent
25 indictment.' Doc. 116, Reply, at 2:4-8, emphasis added.  The United States has not had an
26 opportunity to respond to this new argument, so the court will not consider it.

### III. Order

Plaintiffs' motion to hold Defendant United States in contempt is DENIED.

IT IS SO ORDERED.

Dated:   September 21, 2010

CHIEF UNITED STATES DISTRICT JUDGE

4