# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACACIA CORPORATE MANAGEMENT, LLC, MICHAEL IOANE, <br><br>  Plaintiffs, <br><br>  v. <br><br> UNITED STATES, et al., <br><br>  Defendants. | CIV F-07-1129 AWI GSA <br><br> ORDER LIFTING STAY |

Steven and Louise Booth (the "Booths") owe Defendant United States over $2 million dollars in tax deficiencies and penalties dating from activity in 1995-97.  The Booths owned (or controlled through other entities) three parcels of property (the "Properties") in Bakersfield, CA.  On December 5, 2005, the Booths transferred ownership of the Properties to Plaintiffs Acacia Corporate Management and Michael Scott Ioane.  Bakersfield Properties and Trust Company, Alpha Omega Trust, and Aligned Enterprises Trust ("Lienholders") have lien and/or mortgage interests in the Properties.  On December 22, 2005, the United States put a tax lien on the Properties on the basis that Plaintiffs and Lienholders are nominees/alter egos of the Booths.

On August 3, 2007, Plaintiffs filed suit against the United States, the Booths, and the Lienholders to quiet title to the Properties and seeking monetary, declaratory, and injunctive relief against the United States.  By order of January 22, 2008, the court limited Plaintiffs' suit to one seeking to quiet title on the Properties pursuant to 28 U.S.C. §2410.  Plaintiffs voluntarily dismissed claims against the Booths and Lienholders under Fed. Rule Civ. Proc. 41(a).  The only remaining defendant in this case is the United States.

Defendant United States moved to stay the case pending resolution of criminal cases against the Booths and Michael Scott Ioane, who had been indicted for tax evasion. Eastern District of California Criminal Case No. 09-0142 LJO. Plaintiffs opposed the motion, which was ultimately granted. Recently, the Booths agreed to a plea bargain; Steven Booth plead guilty and all charges are expected to be dropped against Louise Booth. In a jury trial, Plaintiff Ioane was convicted of several counts. Plaintiff has moved for acquittal or, in the alternative, for a new trial. The motion has been denied. Defendant United States now moves to have the stay lifted. Plaintiffs oppose the motion on the grounds that Plaintiff Ioane will seek to appeal his conviction. The matter was taken under submission without oral argument.

> A court must decide whether to stay civil proceedings in the face of parallel criminal proceedings in light of the particular circumstances and competing interests involved in the case. Obviously a court should consider the extent to which the defendant's fifth amendment rights are implicated. Other factors a court should consider will vary according to the case itself, but generally will include: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

Federal Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902-3 (9th Cir. 1989). As explained in the prior order, the main reasons a stay was necessary was to protect Plaintiff Ioane's Fifth Amendment right to avoid making statements that may incriminate himself and to prevent Plaintiff Ioane from using civil discovery to gain access to the statements of prosecution witnesses before trial. Doc. 81, May 7, 2008 Order, at 4:22-5:6 and 6:26-7:25. With the conclusion of trial, there is no longer any fear that civil discovery may be used to obtain privileged information on the criminal prosecution. Plaintiff's Fifth Amendment rights must still be considered. But in this circumstance, Plaintiff Ioane "has not explained what the issues are in his criminal appeal nor how precisely his rights will be jeopardized." Edward v. New United Motors Mfg., 2008 U.S. Dist. LEXIS 88900, *2 (N.D. Cal. Oct. 22, 2008). He has not explained on what grounds he is appealing or even if a successful appeal would result in a new trial.

Without pointing out special circumstances that imperil his Fifth Amendment rights, this factor alone is insufficient to support a continuation of stay in this case. As a general rule, "where trial in the parallel criminal proceeding has concluded, and a conviction is being challenged on appeal, the analysis shifts against staying the civil proceedings." Taylor v. Ron's Liquors Inc., 2011 U.S. Dist. LEXIS 15916, *5-6 (N.D. Cal. Feb. 8, 2011).

It is ORDERED that the stay be lifted. The parties are directed to contact the chambers of Magistrate Judge Gary Austin within fourteen (14) days to schedule a Mandatory Scheduling Conference.

IT IS SO ORDERED.

Dated: January 10, 2012

CHIEF UNITED STATES DISTRICT JUDGE

3