# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACACIA CORPORATE MANAGEMENT, LLC, MICHAEL IOANE,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES, et al.,<br><br>Defendants. | CIV F-07-1129 AWI GSA<br><br>ORDER RE: MOTION FOR RECONSIDERATION |

## I. History[1]

Vincent Steven and Louise Q. Booth ("Booths") are a married couple who file joint tax returns. In 1999, Defendant United States ("United States") made tax assessments against the Booths for deficiencies in the tax years 1995-1997. The Booths hired Plaintiff Michael Scott Ioane ("Ioane") to help them evade tax collection. The Booths (and certain trusts associated with the Booths) owned three parcels of property (the "Properties") in Bakersfield, CA. On December 5, 2005, the Booths transferred ownership of the Properties to Plaintiff Acacia Corporate Management ("Acacia") and Ioane, in an alleged attempt to put it out of the reach of the United States. On December 22, 2005, the United States put a tax lien on the Properties on the basis that Ioane and Acacia (collectively "Ioane Group") are nominees/alter egos of the Booths.

On August 3, 2007, the Ioane Group filed this suit against the United States, the Booths,

---

[1] The factual history is provided for background; the assertions contained therein are not necessarily taken as adjudged to be true. The legally relevant facts relied upon by the court are discussed within the analysis.

and the associated trusts, seeking to quiet title to the Properties. Doc. 1. The Ioane Group then reached a "Quiet Title Pursuant to Binding Stipulated Settlement and Agreement Between the Parties Herein" ("Stipulated Settlement"), which the court approved. Doc. 10. In the Stipulated Settlement, the Ioane Group and the Booths agreed that the Properties belonged to the Ioane Group and that at the Properties were not subject to any government liens at the time they were transferred. The United States was not a party to the Stipulated Settlement. The Ioane Group made a motion for final judgment based on the Stipulated Settlement; it was denied. Doc. 64. The Ioane Group then voluntarily dismissed all claims against the Booths and associated trusts. Doc. 66. The only remaining parties in the case are the Ioane Group (plaintiffs) and the United States (defendant). This case was stayed pending related criminal proceedings.

On April 9, 2009, a grand jury in Sacramento indicted the Booths and Ioane on various criminal charges related to tax evasion (Criminal Case No. 09-0142). In the criminal case, the Booths reached a plea bargain with the United States: Vincent Booth plead guilty to one count of conspiracy to defraud the United States, all other charges against him and Louise Booth were dismissed. The Booths cooperated with the United States's criminal prosecution of Ioane; Vincent Booth testified against Ioane at his trial. On October 3, 2011, a jury found Ioane guilty of conspiracy to defraud the United States and presenting fictitious obligations intended to defraud on October 3, 2011. The stay in the present case was lifted on January 11, 2012. Doc. 129. Ioane has appealed the conviction, and the Ninth Circuit has indicated that there is "a 'substantial question' of law or fact that is 'fairly debatable,' and that 'if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.'" The appeal is ongoing. The present case is only one of several civil suits dealing with the event surrounding the Booths' tax evasion and alleged attempts to shield the Properties from the United States's reach. Civ. Case Nos. 07-0620, 09-1689, and 12-0171. A motion to consolidate these cases was denied. Doc. 140.

The United States has made a motion for reconsideration of the Stipulated Settlement. Doc. 141. The Ioane Group opposes the motion. Doc. 143. The matter was taken under submission without oral argument.

## II. Legal Standards

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), citations omitted.

## III. Discussion

The United States seeks to have the court reconsider approval of the Stipulated Settlement between the Ioane Group and the Booths or, in the alternative, to have a declaration that the Stipulated Settlement does not determine certain questions of fact with respect to the United States. Doc. 141. The Stipulated Agreement includes the statement that "'The Parties' acknowledge and agree that at the time of each transfer of 'the property' reflected in Exhibit 'A' and 'B' that there existed no government liens against any of 'The Parties' or 'the property' which would have disturbed, encumbered, impaired, or otherwise interfered with the transfer of 'the property' as reflected in Exhibits 'A' and 'B.'" Doc. 10, 2:20-25. The United States is not included in the group termed "The Parties" in the Stipulated Settlement. Doc. 10, 1:23-28.

The Stipulated Settlement was not given full effect since the Ioane Group voluntarily dismissed the Booths from the case without obtaining a final judgment against them. Specifically, after the Stipulated Settlement, the Ioane Group filed a motion for judgment against the Booths pursuant to Fed. Rule Civ. Proc. 54(b) to resolve the case against those defendants while litigation continued with the United States. Doc. 37. The motion was denied: "[t]he

settlement agreement purports to determine rights to the Propert[ies] as between [the Ioane Group and Booths.] However, ownership of the Properties is completely intertwined with the dispute between [the Ioane Group] and the United States." Doc. 64, 8:21-23.  Following that denial, the Ioane Group unilaterally dismissed the Booths pursuant to the then applicable Fed. Rule Civ. Proc. 41(a)(1); pointedly, it was not by stipulation of the parties and made no reference to any settlement. Doc. 66.  Under Fed. Rule Civ. Proc. 41(b), such a dismissal was without prejudice.  The Booths are no longer defendants in this case; there was no final judgment against the Booths. Notwithstanding the fact that the court approved the Stipulated Settlement, it was not given effect in this case because the Ioane Group abandoned its claims against the Booths.  In that sense, there is no binding order to be reconsidered.  To clarify, the Stipulated Settlement is ineffective and certainly does not bind the United States in any way.

### IV. Order

The United States's motion for reconsideration is DENIED.  However, nothing in the September 20, 2007 Stipulated Settlement sets forth facts binding on the United States.

IT IS SO ORDERED.

Dated:   July 17, 2012

CHIEF UNITED STATES DISTRICT JUDGE