# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACACIA CORPORATE MANAGEMENT, LLC, *et al.*, | ) 1:07-cv-01129 AWI GSA<br>) |
| Plaintiffs, | ) **ORDER REGARDING PLAINTIFFS'**<br>) **MOTION TO STAY** |
| v. | ) (Document 162) |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## INTRODUCTION[1]

### *Relevant Procedural Background*

On November 15 2012, Plaintiffs Acacia Corporate Management, LLC, and Michael S. Ioane Sr. filed a Motion to Stay this matter.  (Doc. 162.)

On November 21, 2012, the Government filed its opposition to the motion.  (Doc. 165.)

On December 7, 2012, the undersigned issued a minute order, vacating the hearing on the motion and taking the matter under submission pursuant to Local Rule 230(g).  (Doc. 166.)  For the reasons that follow, the motion will be denied.[2]

//

//

---

[1] The Court omits a recitation of facts as the facts are well known to all parties.

[2] Plaintiffs' reply to the Government's opposition was stricken as untimely.  (*See* Docs. 168 & 169.)

1

*The Parties' Positions*

2       Plaintiffs assert as follows in support of their motion for a stay of these proceedings: (1)

3   Michael Scott Ioane Sr. "is now in prison and can't take part in the prosecution" of this action;

4   (2) Defendants will not be prejudiced in their defense of the action by a stay pending the outcome

5   of Ioane's criminal appeal; and (3) it is in the interests of justice to stay the matter.  (Doc. 162 at

6   5.)[3]

7       Defendant United States of America contends a stay of these proceedings is unnecessary.

8   More particularly, the Government points out that Plaintiffs have not addressed the factors to be

9   considered by the Court when presented with a motion or request for stay, nor have they

10  explained or supported the assertions they do make, and because Ioane has previously testified in

11  the criminal proceeding and related civil proceedings.  (Doc. 165.)

12                                    **DISCUSSION**

13      *Applicable Legal Standards*

14      A district court's "power to stay proceedings is incidental to the power inherent in every

15  court to control the disposition of the causes on its docket with economy of time and effort for

16  itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment,

17  which must weigh competing interests and maintain an even balance." *Landis v. North American*

18  *Co.*, 299 U.S. 248, 254-255, 57 S.Ct. 163, 81 L.Ed. 153 (1936).  "The power to stay proceedings

19  is incidental to the power inherent in every court to schedule disposition of the cases on its

20  docket so as to promote fair and efficient adjudication. How this can best be done is a decision

21  properly vested in the trial courts." *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077

22  (3rd Cir. 1983).

23      Factors "regulating the issuance of a stay" include: "(1) whether the stay applicant has

24  made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will

25  be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the

26  other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v.*

27

28       [3]The Court declines to take judicial notice of the documents as requested and referenced by the Plaintiffs.

1   *Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987).  Nonetheless, "[s]ince the

2   traditional stay factors contemplate individualized judgments in each case, the formula cannot be

3   reduced to a set of rigid rules."  *Hilton*, 481 U.S. at 777, 107 S.Ct. 2113, 95 L.Ed.2d 724.

4           In *Keating v. Office of Thrift Supervision*, 45 F.3d 322 (9th Cir. 1994), the Ninth Circuit

5   stated that, in addition to considering a defendant's Fifth Amendment rights, courts should

6   consider the following factors when determining whether to impose a stay of civil proceedings

7   pending the outcome of criminal proceedings:

8           (1) the interest of the plaintiffs in proceeding expeditiously with this
        litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a
9       delay; (2) the burden which any particular aspect of the proceedings may impose
        on defendants; (3) the convenience of the court in the management of its cases,
10      and the efficient use of judicial resources; (4) the interests of persons not parties to
        the civil litigation; and (5) the interest of the public in the pending civil and
11      criminal litigation.

12  *Keating*, at 325, quoting *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th

13  Cir. 1989).

14          ***Analysis***

15                  **Ioane's Fifth Amendment Rights**

16          Plaintiffs' motion could be interpreted to argue that, in the absence of a stay of these

17  proceedings, Ioane Sr.'s Fifth Amendment rights will be implicated.  (*See* Doc. 162 at 5-6.)

18          The Fifth Amendment provides that no person "shall be compelled in any criminal case to

19  be a witness against himself."  As it relates to this action, the docket[4] in the Court's case number

20  1:09-cr-00142-LJO reveals that Michael Scott Ioane was convicted in this Court of conspiracy

21  (18 U.S.C. § 371) and Presenting False or Fictitious Instrument or Document Purporting to be

22  Actual Security of the United States, Aiding and Abetting (18 U.S.C. § 514(a)(2) & (2)) and was

23  sentenced to a total of 108 months in prison.  (*See* 09-cr-259, Docs. 194 & 196.)  The amended

24  judgment was filed February 14, 2012.  (*See* 09-cr-259, Doc. 196.)  Further, according to the

---

26          [4]A "court may take judicial notice of its own records in other cases, as well as the records of an inferior
27  court in other cases."  *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *accord In re Korean Air Lines,
    Co., Ltd.*, 642 F.3d 685, 689 n.1 (9th Cir. 2011); *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004).
28  Further, it is unnecessary to take judicial documents already in the record.  see e.g. *Lew v. Bank Nat Ass'n*, 2012 WL
    1029227, * n. 1 (N.D. Ca. Mar. 26, 2012).

1  Ninth Circuit Court of Appeals' docket in *Unites States of America v. Ioane*, Docket Number 12-

2  10068, indicates the appeal is fully briefed and is pending decision. (*See also* Doc. 162-5, ¶ 5.)

3  As noted by the Government, Ioane has already testified in his own defense in the

4  criminal proceedings "regarding many of the events in question in this matter" and has already

5  given depositions "three times in a related matter in August 2012, including twice as the

6  designated witness for Acacia and for Mariposa . . .. Ioane did not invoke his rights under the

7  Fifth Amendment in those depositions." (Doc. 165 at 4-5.) Coupled with the fact that evidence

8  will not be taken by the Ninth Circuit in the now-pending appeal, this Court finds that Ioane's

9  Fifth Amendment rights are no longer implicated for purposes of this proceeding.

10  Therefore, this factor weighs against the imposition of a stay of these proceedings.

11  **Plaintiffs' Interest in Proceeding**

12  Plaintiffs do not address this factor specifically, although they do indicate that due to

13  Ioane's incarceration his participation in this proceeding will be difficult. (Doc. 162 at 5.)

14  However, Plaintiffs have not provided any legal authority to suggest that a stay is more

15  appropriate where a party with an interest in the proceedings is incarcerated and thus at a

16  disadvantage with regard to participation in the proceedings.

17  This factor, in the circumstances present here, weighs against the imposition of a stay of

18  these proceedings.

19  **Burden on Defendants**

20  The Government has not expressly addressed this factor in its opposition to Plaintiffs'

21  motion, however, it has noted that this Court has previously determined that a lifting of the

22  previously-imposed stay was proper and "that the circumstances militated against continuing

23  [that] stay." (Doc. 165 at 5.)

24  This factor also weighs against the imposition of a stay of these proceedings.

25  **Convenience and Efficiency**

26  Plaintiffs argue that it would be in this Court's interest to stay this matter pending the

27  outcome of Ioane's criminal appeal because this matter involves the same issues. (Doc. 162 at 2-

28  3, 5.) Relatedly, Plaintiffs contend that because "it is likely that the appeal will be granted

4

1  resulting in a complete dismissal of charges against Ioane or a new trial for Ioane," the Court

2  should stay the matter "at the very least until the appeal is resolved." (Doc. 162 at 6.)

3        The Court notes that Plaintiffs have misconstrued the Ninth Circuit Court of Appeals'

4  Order of March 20, 2012.  Despite their assertions based upon their interpretation of that Order,

5  the appellate court's order merely found that Ioane had met the standard for establishing a right

6  to bail pending appeal, to wit: he established by clear and convincing evidence that he was not

7  likely to flee or pose a danger to others, and that he had established that his appeal "raises a

8  'substantial question' of law or fact that is 'fairly debatable,' and that 'if that substantial question

9  is determined favorably to [him] on appeal, that decision is likely to result in reversal or an order

10  for a new trial . . .." *Unites States of America v. Ioane*, Docket Number 12-10068, Entry Number

11  11.  Thus, the Ninth Circuit has not indicated that Ioane is likely to prevail on appeal.  Instead, it

12  simply held that he had established his right to bail pending the outcome of his appeal.  The

13  Ninth Circuit did not comment on the merits of the issues raised in the appeal, rather it simply

14  stated that those issues present a "'substantial question'" of law or fact that "*if*" proven could

15  result in reversal or remand for retrial.

16        Further, parallel proceedings are those occurring simultaneously, meaning the criminal

17  *trial* proceedings are occurring simultaneous with the *civil trial* proceedings.  The undersigned

18  finds that criminal *appeal* and *civil trial* proceedings do not occur simultaneous to or parallel

19  with one another.  *See Keating v. Office of Thrift Supervision*, 45 F.3d at 324, *citing Securities &*

20  *Exchange Comm'n v. Dresser Indus.*, 628 F.2d 1368, 1374 (D.C. Cir.), *cert. denied,* 449 U.S.

21  993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980).

22        For purposes of convenience and efficiency, this Court's heavy caseload would only

23  benefit from resolution of this action as it has been pending for more than five years; Plaintiffs'

24  complaint was filed on August 3, 2007.  (Doc. 1.)  Additionally, fact discovery in this matter is

25  set to conclude February 1, 2013, and a jury trial is to commence July 16, 2013.  (Doc. 134.)

26  These facts also weigh against a stay of these proceedings.

27  //

28  //

1           **Interests of Non-Parties**

2       As no party has raised any concerns regarding third or non-party interests, the Court will

3 not consider this factor in its balancing.

4            **Interest of the Public**

5       As no party has addressed the interest of the public in the pending civil litigation, the

6 Court will not consider this factor in its balancing.

7        **Other Factors Considered by the Court**

8       Plaintiffs seem to assert that because a previous stay was imposed in this matter at the

9 request of the Government, this Court should grant their motion in light of Mr. Ioane's

10 incarceration and pending criminal appeal.  (Doc. 162 at 6-7.)  It is noted that in 2008 Plaintiffs

11 opposed the previous stay and extensions of that stay (*see* Docs. 75, 95 & 106) before ultimately

12 objecting, in 2011, to the Government's motion to lift the stay following Ioane's conviction

13 (Docs. 124 & 125).  In his order lifting the previously-imposed stay of these proceedings, Judge

14 Ishii noted "there is no longer any fear that civil discovery may be used to obtain privileged

15 information on the criminal prosecution."  (*See* Doc. 129 at 2.)

16                   **CONCLUSION**

17       For the foregoing reasons, having considered and weighed all relevant factors, Plaintiffs'

18 motion for a stay is DENIED.

19

20     IT IS SO ORDERED.

21   **Dated:**   __December 17, 2012__        __/s/ **Gary S. Austin**__

22                              UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28