IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACACIA CORPORATE MANAGEMENT, LLC, MICHAEL IOANE, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, et al., <br><br> Defendants. | CIV F-07-1129 AWI GSA <br><br> ORDER RE: MOTION FOR STAY |

## I. History

Vincent Steven and Louise Q. Booth ("Booths") are a married couple who file joint tax returns. The Booths owned three parcels of property (the "Subject Properties") in Bakersfield, CA. The Booths met Plaintiff Michael Scott Ioane ("Ioane") and began taking his advice on how to reduce/evade their income tax liabilities. In 1996, the Booths transferred ownership of the Subject Properties to the Alpha Omega Trust and the Aligned Enterprises Trust; in 2002, they transferred ownership of the Subject Properties to the Bakersfield Properties and Trust Company (all three entities collectively the "Booth Trusts"). The beneficiaries of the Booth Trusts are the Booths' children.

In 1999, Defendant United States ("United States") made tax assessments against the Booths for deficiencies in the tax years 1995-1997. The United States filed a tax lien in Kern County against the Booths ("2000 Tax Lien"). On December 5, 2005, the Booth Trusts transferred ownership of the Subject Properties to Plaintiff Acacia Corporate Management, LLC ("Acacia") and Ioane, in an alleged attempt to put it out of the reach of the United States. On

1  December 22, 2005, the United States filed a tax lien on the Subject Properties specifically
2  ("2005 Tax Lien") on the basis that Ioane and Acacia (collectively "Ioane Group") are
3  nominees/alter egos of the Booths.
4      On August 3, 2007, the Ioane Group filed this suit against the United States, the Booths,
5  and the Booth Trusts, seeking to quiet title to the Subject Properties. Doc. 1.  The Ioane Group
6  then reached a "Quiet Title Pursuant to Binding Stipulated Settlement and Agreement Between
7  the Parties Herein" ("Stipulated Settlement"), which the court approved. Doc. 10.  In the
8  Stipulated Settlement, the Ioane Group and the Booths agreed that the Subject Properties
9  belonged to the Ioane Group and that the Subject Properties were not subject to any government
10 liens at the time they were transferred.  The United States was not a party to the Stipulated
11 Settlement. The Ioane Group made a motion for final judgment based on the Stipulated
12 Settlement; it was denied. Doc. 64.  The Ioane Group then voluntarily dismissed all claims
13 against the Booths and the Booth Trusts. Doc. 66.  The only remaining parties in the case are the
14 Ioane Group (plaintiffs) and the United States (defendant).  This case was stayed pending related
15 criminal proceedings.
16     On April 9, 2009, a grand jury in Sacramento indicted the Booths and Ioane on various
17 criminal charges related to tax evasion (Criminal Case No. 09-0142 LJO).  In the criminal case,
18 the Booths reached a plea bargain with the United States: Steven Booth plead guilty to one count
19 of conspiracy to defraud the United States, all other charges against him and Louise Booth were
20 dismissed.  The Booths cooperated with the United States's criminal prosecution of Ioane;
21 Steven Booth testified against Ioane at his trial.  On October 3, 2011, a jury found Ioane guilty of
22 conspiracy to defraud the United States and presenting fictitious obligations intended to defraud
23 on October 3, 2011.  The stay in the present case was lifted on January 11, 2012. Doc. 129.
24 Ioane has appealed the conviction, and the Ninth Circuit has indicated that there is "a 'substantial
25 question' of law or fact that is 'fairly debatable,' and that 'if that substantial question is
26 determined favorably to defendant on appeal, that decision is likely to result in reversal or an
27
28                                              2

order for a new trial of all counts on which imprisonment has been imposed.'"  The appeal is ongoing.  The present case is only one of four civil suits dealing with the event surrounding the Booths' tax evasion and alleged attempts to shield the Subject Properties from the United States's reach. Civ. Case Nos. 07-0620, 09-1689, and 12-0171.  A motion to consolidate these cases was denied. Doc. 140.

The court ruled that the Stipulated Settlement was ineffective against the United States. Doc. 148.  The Ioane Group made a motion to clarify, asking the court to specify the effect of the prior ruling. Doc. 149.  The Ioane Group also made a motion for summary judgment. Doc. 155.  The summary judgment motion was denied and the court reiterated that the Stipulated Settlement was ineffective. Doc. 172.  The Ioane Group made a first motion for stay, citing Ioane's continuing criminal appeal. Doc. 162.  Magistrate Judge Austin denied the motion. Doc. 170.  The Ioane Group has now made a second motion for stay. Doc. 173.  The motion was opposed and taken under submission without oral argument.

**II. Legal Standards**

Fed. Rule Civ. Proc. 72(a) allows a party to serve and file objections to a Magistrate Judge's nondispositive order, to be decided by the District Judge.  In the Eastern District of California, this type of objection is treated as a motion for reconsideration by the assigned District Court Judge. See Local Rule 303.

When filing a motion for reconsideration, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A). See also Fed. Rule Civ. Proc. 72(a).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been

3

committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); see also Anderson v. Equifax Info. Services LLC, 2007 WL 2412249, *1 (D. Or. 2007) ("Though Section 636(b)(1)(A) has been interpreted to permit de novo review of the legal findings of a magistrate judge, magistrate judges are given broad discretion on discovery matters and should not be overruled absent a showing of clear abuse of discretion"). Motions to reconsider are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983).

### III. Discussion

The Ioane Group has filed parallel motions for stay in each of the four related civil cases. In this case, the Ioane Group made a first motion for stay, to be heard before the undersigned. Doc. 162. The matter was reset before Judge Austin by minute order. Doc. 163. Judge Austin denied the motion on December 17, 2012. Doc. 170. The Ioane Group then made a second motion for stay, to be heard by the undersigned on January 17, 2013. Doc. 173. The second motion for a stay relied upon the same argument as the first motion, namely that Ioane was involved in a criminal appeal that shared the same subject matter as the civil suits. Indeed the briefing for the two motions shared large chunks of completely identical text, including the majority of the legal argumentation. See Doc. 162, 3:19-6:17 and Doc. 173, 5:17-8:13. The second motion should properly be considered a motion for reconsideration. To be clear, the Ioane group filed four parallel motions for stay which were all denied by Judge Austin on December 17, 2012 and then filed four parallel second motions for stay on January 17, 2013.

Fed. Rule Civ. Proc. 72(a) states "When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the

4

order that is clearly erroneous or is contrary to law." William McPike, the Ioane Group's attorney, received electronic service of Judge Austin's order on December 17, 2012. The Ioane Group did not file their second motion until well after the fourteen day deadline had passed. The second motion did not raise any new circumstance, changed facts, or new case law to justify the delay. The Ioane Group's motion is untimely and on that basis, deserves to be denied.

Further, Judge Austin's order is sound on the merits. The main thrust of the Ioane Group's argument is that Ioane's Fifth Amendment right against self-incrimination is in jeopardy as both the criminal and civil cases deal with the same operative facts. However, Judge Austin points out that in his criminal trial, Ioane took the stand in his own defense; there is no indication that Ioane has ever asserted his Fifth Amendment right against self-incrimination in any of the many instances he has been questioned/deposed. Doc. 170, 4:3-7. The Ioane Group argues that "If in fact Mr. Ioane's appeal is granted he may have to stand trial again and the government will have the advantage of discovery and testimony that they would not have but for this civil action." Doc. 173, 4:18-21. The court does not find this to be a strong argument given the fact of his prior testimony in the criminal trial.

### IV. Order

The Ioane Group's motion for stay is DENIED.

IT IS SO ORDERED.

Dated:   April 29, 2013

_____
SENIOR DISTRICT JUDGE

5