**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ACACIA CORPORATE MANAGEMENT, LLC, MICHAEL IOANE, <br><br>  Plaintiffs, <br><br> v. <br><br> UNITED STATES, et al., <br><br>  Defendants. | CIV F-07-1129 AWI GSA <br><br> ORDER RE: MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE <br><br><br> (Docs. 177, 179, and 181) |

## I. History

Vincent Steven and Louise Q. Booth ("Booths") are a married couple who file joint tax returns. The Booths owned three parcels of property (the "Subject Properties") in Bakersfield, CA. The Booths met Plaintiff Michael Scott Ioane ("Ioane") and began taking his advice on how to reduce/evade their income tax liabilities. In 1996, the Booths transferred ownership of the Subject Properties to the Alpha Omega Trust and the Aligned Enterprises Trust; in 2002, they transferred ownership of the Subject Properties to the Bakersfield Properties and Trust Company (all three entities collectively the "Booth Trusts"). The beneficiaries of the Booth Trusts are the Booths' children.

In 1999, Defendant United States ("United States") made tax assessments against the Booths for deficiencies in the tax years 1995-1997. The United States filed a tax lien in Kern County against the Booths ("2000 Tax Lien"). On December 5, 2005, the Booth Trusts transferred ownership of the Subject Properties to Plaintiff Acacia Corporate Management, LLC ("Acacia") and Ioane, in an alleged attempt to put it out of the reach of the United States. On

December 22, 2005, the United States filed a tax lien on the Subject Properties specifically ("2005 Tax Lien") on the basis that Ioane and Acacia (collectively "Ioane Group") are nominees/alter egos of the Booths.

On August 3, 2007, the Ioane Group filed this suit against the United States, the Booths, and the Booth Trusts, seeking to quiet title to the Subject Properties. Doc. 1. The Ioane Group then reached a "Quiet Title Pursuant to Binding Stipulated Settlement and Agreement Between the Parties Herein" ("Stipulated Settlement"), which the court approved. Doc. 10. In the Stipulated Settlement, the Ioane Group and the Booths agreed that the Subject Properties belonged to the Ioane Group and that the Subject Properties were not subject to any government liens at the time they were transferred. The United States was not a party to the Stipulated Settlement. The Ioane Group made a motion for final judgment based on the Stipulated Settlement; it was denied. Doc. 64. The Ioane Group then voluntarily dismissed all claims against the Booths and the Booth Trusts. Doc. 66. The only remaining parties in the case are the Ioane Group (plaintiffs) and the United States (defendant). This case was stayed pending related criminal proceedings.

On April 9, 2009, a grand jury in Sacramento indicted the Booths and Ioane on various criminal charges related to tax evasion (Criminal Case No. 09-0142 LJO). In the criminal case, the Booths reached a plea bargain with the United States: Steven Booth plead guilty to one count of conspiracy to defraud the United States, all other charges against him and Louise Booth were dismissed. The Booths cooperated with the United States's criminal prosecution of Ioane; Steven Booth testified against Ioane at his trial. On October 3, 2011, a jury found Ioane guilty of conspiracy to defraud the United States and presenting fictitious obligations intended to defraud on October 3, 2011. The stay in the present case was lifted on January 11, 2012. Doc. 129. Ioane has appealed the conviction, and the Ninth Circuit has indicated that there is "a 'substantial question' of law or fact that is 'fairly debatable,' and that 'if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an

2

order for a new trial of all counts on which imprisonment has been imposed.'" The appeal is ongoing. The present case is only one of four civil suits dealing with the event surrounding the Booths' tax evasion and alleged attempts to shield the Subject Properties from the United States's reach. Civ. Case Nos. 07-0620, 09-1689, and 12-0171. A motion to consolidate these cases was denied. Doc. 140.

The court ruled that the Stipulated Settlement was ineffective against the United States. Doc. 148. The Ioane Group made a motion to clarify, asking the court to specify the effect of the prior ruling. Doc. 149. The Ioane Group also made their first motion for summary judgment. Doc. 155. In the motion, the Ioane Group sought judgment on the quiet title claim based on the Stipulated Settlement. The summary judgment motion was denied on the basis that the United States had provided evidence that the sales of the Subject Properties in 1996 were fraudulent transfers, making them subject to tax liens the IRS filed in 2000; the court reiterated that the Stipulated Settlement was ineffective. Doc. 172. The Ioane Group has made a second motion for summary judgment arguing that the 2005 sale of the Subject Properties was valid as the purchaser, Acacia, was "an innocent good faith transferee." Doc. 177, 3:6-8. In response, the United States has made a motion to strike or otherwise deny the motion for failure to follow applicable procedural requirements. Doc. 179.

## II. Discussion

The Scheduling Order filed on February 16, 2012 specified that dispositive motions were to be filed by March 1, 2013. Doc. 134. The Ioane Group filed their first motion for summary judgment on October 16, 2012. Doc. 155. That motion was denied on January 4, 2013. Doc. 172. The Ioane Group did not file their second motion for summary judgment until March 21, 2013. Doc. 177. The Ioane Group provides no explanation or justification for their violation of the dispositive motion deadline.

Further, the Scheduling Order directed the parties to meet before filing any summary

3

judgment motion in order to streamline the motion: "Prior to filing a motion for summary judgment or motion for summary adjudication the parties are ORDERED to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion....In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above and set forth a statement of good cause for the failure to meet and confer." Doc. 134, 3:22-4:7.  The United States objects to this motion on the basis that no meeting has taken place. Doc. 179, Part 1, 2:19-20.  The Ioane Group has not stated why the meet and confer did not take place.

Fed. Rule Civ. Proc. 16(f) states "On motion or on its own, the court may issue any just orders...if a party or its attorney...(C) fails to obey a scheduling or other pretrial order."  The United States asks that the motion for summary judgment be stricken or otherwise denied.  Trial courts do have the discretion to consider untimely motions for summary judgment on their merits. Applied Information Sciences Corp., v. eBay, Inc., 511 F.3d 966, 969 n.1 (9th Cir. 2007).  However, that is not warranted in this case.  The Ioane Group has already filed one motion for summary judgment which was denied on the merits.

Further, the Ioane Group's argument in the second motion is problematic.  The elements of a bona fide purchaser for value are "payment of value, in good faith, and without actual or constructive notice of another's rights. Absence of notice is an essential requirement in order that one may be regarded as a bona fide purchaser." Oakdale Village Group v. Fong, 43 Cal. App. 4th 539, 547 (Cal. App. 3rd Dist. 1996), citations omitted.  The Ioane Group has provided the declaration of Steven Stucker, Director of Acacia.  He states that at the time Acacia purchased the Subject Properties in 2005, Ioane was the Assistant Director of Acacia and that Acacia only owns 95% of the Subject Properties with Ioane owning the other 5%. Doc. 177, Part 5.  It would appear that at the time of sale, Acacia (through Ioane) had notice of the United States' interests in the Subject Properties.  That knowledge would negate Acacia's status as a bona fide purchaser for value.  A second full summary judgment analysis on the merits is not warranted.

### III. Order

The Ioane Group's motion for summary judgment is DENIED.

IT IS SO ORDERED.

Dated: April 29, 2013

SENIOR DISTRICT JUDGE