# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACACIA CORPORATE MANAGEMENT, LLC, MICHAEL IOANE,<br><br>Plaintiffs<br><br>v.<br><br>UNITED STATES, et al.,<br><br>Defendants | CASE NO. 1:07-CV-1129 AWI GSA<br><br>ORDER RE: MOTION TO LIFT STAY AND TO DISMISS<br><br><br><br>(Doc. 226) |

Defendants Vincent Steven and Louise Q. Booth are a married couple who file joint tax returns. The Booths owned three parcels of property (the "Subject Properties") in Bakersfield, CA. The Booths met Plaintiff Michael Scott Ioane and began taking his advice on how to reduce/evade their income tax liabilities. In 1996, the Booths transferred ownership of the Subject Properties to various trusts, the beneficiaries of which were the Booths' children. In 1999, Defendant United States made tax assessments against the Booths for deficiencies in the tax years 1995-1997. In 2005, the Subject Properties were further transferred to Plaintiffs Acacia Corporate Management, LLC and Ioane, in an alleged attempt to put it out of the reach of the United States. On December 22, 2005, the United States filed a tax lien on the Subject Properties specifically on the basis that Ioane and Acacia were nominees/alter egos of the Booths.

On August 3, 2007, Plaintiffs filed this suit against the United States, the Booths, and the trusts, seeking to quiet title to the Subject Properties. Doc. 1. Ownership over the Subject Properties is the subject of three civil cases in the Eastern District of California; the present case is one of those three. In 2013, a bench trial was held in Civ. Case No. 09-1689. The court found the

United States' tax liens attached to the Subject Properties and that Plaintiff Ioane and Acacia (among other entities) had no legal interest in the Subject Properties. Civ. Case No. 09-1689, Doc. 212. Ioane and Acacia appealed that ruling.

This case was stayed, pending resolution of appeal in Civ. Case No. 09-1689. Doc. 222. The Ninth Circuit affirmed the judgment. Civ. Case No. 09-1689, Doc. 289. The Subject Properties were sold at public auction on July 18, 2018. On January 25, 2019, the sale of the properties were judicially confirmed and the proceeds from the sale were distributed. Civ. Case No. 09-1689, Doc. 317.

In this case, the United States has made a motion to lift the stay and for dismissal due to mootness. Doc. 226. There is no longer any controversy over ownership of the Subject Properties. This case is moot.

The United States' motion to lift stay is GRANTED. The United States' motion to dismiss is GRANTED.

IT IS SO ORDERED.

Dated: March 25, 2019

SENIOR DISTRICT JUDGE